**UNION OIL COMPANY
OF CALIFORNIA,
Plaintiff,**

v.

**CHEVRON U.S.A., INC., Exxon Corporation, Mobil Oil Corporation, Shell Oil Products Company and Texaco Refining and Marketing, Inc. Defendants.**

**No. CV–95–2379–KMW (JRx).**

United States District Court,
C.D. California.

Sept. 11, 1998.

Barbara A. Reeves, Paul Hastings Janofsky & Walker, Los Angeles, CA, Carleton K. Montgomery, Fried Frank Harris Shriver & Jacobson, Los Angeles, CA, M. Laurence Popofsky, Heller Ehrman White & McAuliffe, San Francisco, CA, John A. Diaz, Harry C. Marcus, Bartholomew Verdirame, Michael P. Dougherty, James Gould, Morgan & Finnegan, New York City, John W. Keker, Keker & Van Nest, San Francisco, CA, Richard C. Morse, Richard C. Morse Law Offices, Los Angeles, CA, Jennifer L. Colyer, Fried Frank Harris Shriver & Jacobson, New York City, for Atlantic Richfield Co.

Barbara A. Reeves, Paul Hastings Janofsky & Walker, Los Angeles, CA, Carleton K. Montgomery, Fried Frank Harris Shriver & Jacobson, Los Angeles, CA, Dana Cephas, Kirkland & Ellis, Los Angeles, CA, M. Laurence Popofsky, Heller Ehrman White & McAuliffe, San Francisco, CA, John A. Diaz, Harry C. Marcus, Bartholomew Verdirame, Michael P. Dougherty, James Gould, Morgan & Finnegan, New York City, John W. Keker, Keker & Van Nest, San Francisco, CA, Richard C. Morse, Richard C. Morse Law Offices, Los Angeles, CA, Jennifer L. Colyer, Fried Frank Harris Shriver & Jacobson, New York City, for Chevron USA, Inc.

Barbara A. Reeves, Paul Hastings Janofsky & Walker, Los Angeles, CA, Carleton K. Montgomery, Fried Frank Harris Shriver & Jacobson, Los Angeles, CA, Dana Cephas, Kirkland & Ellis, Los Angeles, CA, M. Laurence Popofsky, Heller Ehrman White & McAuliffe, San Francisco, CA, John A. Diaz, Harry C. Marcus, Bartholomew Verdirame, Michael P. Dougherty, Arnold I. Rady, James Gould, Morgan & Finnegan, New York City, John W. Keker, Keker & Van Nest, San Francisco, CA, Richard C. Morse, Richard C. Morse Law Offices, Los Angeles, CA, Jennifer L. Colyer, Fried Frank Harris Shriver & Jacobson, New York City, for Exxon Corp., Shell Oil Products, Inc., Texaco Refining and Marketing, Inc.

Laurence H. Pretty, Pretty Schroeder & Poplawski, Los Angeles, CA, Ernest I. Reveal, III, Robins Kaplan Miller & Ciresi, Costa Mesa, CA, Keith A. Newburry, Sheppard Mullin Richter & Hampton, Los Angeles, CA, David W. Beehler, Michael V. Ciresi, Allison A. Johnson, Martin R. Lueck, Linda S. Foreman, Julie L. Levi, David S. Evinger, William M. Lutz, Robins Kaplan Miller & Ciresi, Minneapolis, MN, Arnold I. Rady, Morgan & Finnegan, New York City for Unocal Corp., Union Oil Co. of California.

### ORDER RE: ATTORNEYS' FEES

WARDLAW, Circuit Judge.[*]

The Court has considered the motion by Plaintiff Union Oil Company of California ("Unocal") for attorneys' fees. Having con-

---

[*] by designation to the U.S. District Court for the Central District of California.

sidered all of the papers filed in support of and in opposition to this motion, all evidentiary materials submitted by the parties, and all files and records in this case, the Court is prepared to rule and hereby GRANTS plaintiff's motion for attorneys' fees as set forth below.

■ The trial court presiding over a patent case may, in exceptional cases, award reasonable attorneys' fees to the prevailing party pursuant to 35 U.S.C. § 285. The award of attorneys' fees under § 285 requires a threshold determination that the action before the Court is an "exceptional" case—a case marked by bad faith during litigation or other unfairness. *Sensonics, Inc. v. Aerosonic, Corp.*, 81 F.3d 1566, 1574–75 (Fed.Cir.1996); *Beckman Instruments, Inc. v. L.K.B. Produkter A.B.*, 892 F.2d 1547, 1551–52 (Fed.Cir.1989). Such conduct must be supported by clear and convincing evidence. *Beckman*, 892 F.2d at 1551.

Defendants commenced this lawsuit against Unocal on April 13, 1995, seeking a declaratory judgment that the '393 patent is invalid and unenforceable. Unocal had never threatened to enforce the '393 patent, which had issued a year earlier, against these defendants. Instead, Unocal stated publicly that it would introduce a licensing program for the '393 patent by the end of April. Defendants preempted Unocal's efforts to negotiate any license for its '393 patent by combining to jointly file the declaratory judgment action based on an allegation, retracted before trial, that they had infringed and intended to continue to infringe the '393 patent. Thus, defendants brought this action, and pursued it to the brink of trial even though the Court lacked subject matter jurisdiction over the matter. *See* Court's Opinion dated July 2, 1997.

■ Unocal seeks recovery of attorneys' fees incurred in connection with those aspects of the case and defense counsel conduct that require exceptional case status under 35 U.S.C. § 285— namely the allegations of inequitable conduct, the allegation that speciality fuels anticipated the claims of the '393 patent, the defenses of equitable estoppel, implied license and unclean hands, and the unplead allegations regarding utility.

1. *Equitable Estoppel, Implied License and Unclean Hands*

Defendants asserted the defenses of equitable estoppel, implied license and unclean hands, alleging generally that Unocal had lulled CARB and the defendants into believing that Unocal did not intend to enforce its patent rights. Unocal moved for summary judgment on the ground that defendants had not produced evidence of reliance sufficient to withstand summary judgment. This Court indicated in its tentative ruling that it was inclined to grant Unocal's motion. At the hearing, however, defendants represented that they could offer evidence of defendants' detrimental reliance on Unocal's conduct. Based on this representation, the Court revisited the issue and ultimately denied Unocal's motion.

Notwithstanding their representation to the Court, at trial defendants did not even attempt to introduce such evidence. Instead, defendants asserted a new "derivation" argument, the gist of which was that Unocal had copied the invention from CARB. No competent evidence was introduced in support of that argument and the jury did not find the patent invalid on that basis. Although defense counsel represented to this Court that Mr. Peter Venturini would provide the factual basis upon which the jury could find derivation, Trial Transcript ("Tr.") at 710–712, his testimony failed to show that CARB had communicated the operative invention to the inventors. Tr. at 816–832. Moreover, defense counsel inappropriately suggested to this Court and jury that the '393 patent examiner was unaware of CARB's regulatory activities, Tr. at 220–221, when in fact, the trial record would later reflect that Unocal did provide the examiner with CARB's recitation of the pertinent agency regulations. Tr. at 501–505.

Defendants formally abandoned their claim of equitable estoppel at the time of closing argument during the third phase of trial. Earlier, defendants had abandoned their claims of implied license and unclean hands. This Court finds that plaintiff has shown by clear and convincing evidence that the manner and method by which defendants asserted, litigated and ultimately abandoned these

claims constitutes vexatious conduct, rendering this an exceptional case.

### 2. *Utility*

Defendants did not raise the utility of the '393 patent in their pleadings. Yet, following the close of fact discovery, the expert report of James Lyons was proffered in which it was claimed that the '393 invention lacked utility. Unocal successfully moved to exclude such testimony. Despite this ruling and their failure to plead the defense of utility, defendants repeatedly tried to inject utility and methodology issues into the trial. *See, e.g.,* Tr. at 2063, 2068, 2267–68, 2710, 2735–37. This Court finds that defendants' conduct in this regard constitutes conduct that justifies the award of attorneys' fees incurred to defend against defendants' utility arguments.

### 3. *Speciality Fuels*

Defendants maintained the position throughout this litigation that the '393 patent was invalid because of speciality fuels, pure petro-chemicals and individual components of motor gasoline. Yet defendants' own documents produced in discovery made it clear that defendants knew prior to this litigation that motor gasoline is different than alkylate, aviation gasoline or racing gasoline. *See, e.g.,* Exhibit 1992; Exhibit 305.

Additionally, defendants' witnesses were unable to provide a basis for defendants' contention that products such as alkylate were considered motor gasolines. *See, e.g.,* Tr. at 4265–92 (Utley testimony). Defendants' experts themselves testified that motor gasoline was different from racing gasoline, alkylate and aviation gasoline. *See, e.g.,* Colucci depo. at 514; Tr. at 4782, 5046–47 (Cunningham testimony); Tr. at 3105 (Lyons testimony).

Finally, the Court finds that defendants' litigation tactics and arguments throughout the liability phase of trial reflected attempts to circumvent this Court's claim construction Order. *See, e.g.,* Tr. at 3417–20, 3412–14.

This Court finds that defendants' assertion and maintenance of the speciality fuels as invalidating prior art was vexatious, and again, make this an exceptional case.

### 4. *Inequitable Conduct*

The Federal Circuit has repeatedly condemned unsupported accusations of inequitable conduct. *See, e.g., Burlington Industries, Inc. v. Dayco Corp.,* 849 F.2d 1418, 1422 (Fed.Cir.1988). The personal and destructive nature of an unfounded inequitable conduct allegation may give rise to an exceptional case sufficient to award attorneys' fees. *See, e.g., Total Containment, Inc. v. Environ Products, Inc.,* 921 F.Supp. 1355, 1406 (E.D.Pa.1995), *aff'd in relevant part, vacated and remanded on other grounds,* 106 F.3d 427 (Fed.Cir.1997).

Here, defendants' charges of inequitable conduct were ever-changing. At the outset of the case, defendants asserted two theories, neither of which proceeded to trial. In their Amended Complaint, defendants expanded the charge to twenty-eight pages of allegations. Following the liability and damages verdicts, defendants reduced their claims to three theories, which this Court has found unsupported. *See* Memorandum of Decision filed August 31, 1998. Accordingly, Unocal is entitled to its fees on this issue as well.

Finally, this Court finds that defendants engaged in vexatious tactics repeatedly throughout the course of trial. The record is replete with instances where the court admonished defendants based on their trial tactics. *See, e.g.,* Tr. at 240–41; 248:3–249:24; 382–85; 520:3–17; 911:6–16; 2229:22–24; 2899:6–13; 3002:14–15; 3132:20–33:18; 3607–08:23; 3915:12–21; 4241:18–24; 4440–4441; 5397:18–98:12. As in *Beckman,* 892 F.2d at 1551–1552, this Court finds that defendants pursued a vexatious litigation strategy which entitles Unocal to its reasonable attorneys' fees.

## AMOUNT OF FEES

Unocal has submitted to this Court an allocation in support of its requested $2,578,600.00 of its total fees of over $11 million dollars. The amount was allocated by specifically identifying fees expended on the issues discussed above as follows:

| Inequitable conduct trial | $ 133,983.50 |
| Speciality Fuels | $ 467,643.07 |
| Equitable Defenses | $ 340,306.14 |
| Inequitable Conduct | $ 339,312.42 |
| Utility/Statistics | $ 174,577.53 |
| Fee Petition | $ 37,667.75 |
| **TOTAL:** | **$1,493,490.41** |

The total amount of specifically' allocated fees constitutes 13.5% of the total fees billed to Unocal in this litigation. Plaintiff further asks this Court to apply the same percentage to the sum of fees expended on general case preparation to produce an additional figure of $1,085,109.66, for a grand total of $2,578,-600.00. After a careful review of plaintiff's billing records, submitted *in camera* and under seal, the Court finds that the sum of $1,493, 490 .41 is reasonable based on the findings set forth above. That the vexatious conduct of defense counsel, in particular the assertion and withdrawal of various claims and theories and the inconsistent positions taken during the course of trial no doubt resulted in additional general preparation time, the Court has taken this into consideration in awarding Unocal the full amount of the specifically allocated fees. In its discretion, however, the Court declines to award the additional $1,085,109.66 requested. Accordingly, this Court awards to Unocal attorneys' fees against defendants, jointly and severally, in the amount of $1,493,490.41.